UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **KEVIN E. SMITH,** *also known as* **Kevin Eugene Smith,** | |
| **Petitioner,** | |
| v. | CAUSE NO. 3:23-cv-00834-SLC |
| **WARDEN,** *New Castle Correctional Facility*, | |
| **Respondent.** | |

## OPINION AND ORDER

Kevin E. Smith, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary decision (MCF-23-3-111) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery against staff in violation of Indiana Department of Correction Offense 117. (ECF 1). Following a hearing, he was sanctioned with the loss of sixty days earned credit time. (*Id.* at 1).

Smith argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence to support the finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, . . . it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (third alteration in original) (citations and internal quotation marks omitted). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides 'some evidence' for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represented that he went to Smith's cell to deliver him canned nutrition drinks. (ECF 12-1). According to the conduct report, when the correctional officer informed Smith that he needed to drink the cans in the officer's presence, Smith became upset and threw a full can at his testicles. (*Id.*). A video recording summary indicates that the surveillance video recording showed an item "flying out at the staff's middle area." (ECF 1-1 at 2). To Smith's point, the video recording summary does not expressly state that the can struck the correctional officer, but the physical contact between the can and the correctional officer's body is clear from the video recording itself, which the Court has reviewed. (ECF 15). The conduct report and the video recording constitute some evidence that Smith committed battery against staff.

Smith further maintains that he should not have been found guilty because the offense occurred while he was on strong pain medication and he cannot recall the offense. (ECF 1 at 2). The departmental definition of battery requires a knowing or intentional touching, so Smith's mental state at the time of the offense bears some relevance to the question of his guilt. (ECF 12-8 at 3). However, Smith offered testimony regarding his mental state at the hearing (ECF 12-5), and the hearing officer was not

2

required to credit it. Therefore, the claim that the administrative record lacks sufficient evidence to support a finding of guilt is not a basis for habeas relief.

Smith argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. (ECF 1 at 2). "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (third alteration in original) (citation and internal quotation marks omitted). Smith's filings demonstrate his literacy, and the disciplinary charge was not particularly complex. (ECF 1, 6, 12-1, 12-6). Therefore, the argument that Smith received inadequate assistance from a lay advocate is not a basis for habeas relief.

Smith argues that he is entitled to habeas relief because correctional staff violated departmental policy by misdating the conduct report, by improperly delivering nutrition drinks, and by failing to properly train the hearing officer. (ECF 1 at 3-4). Error-free paperwork, proper delivery of nutrition drinks, and training for hearing officers are not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the Supreme Court of the United States has indicated that this list of requirements is exhaustive, *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Additionally, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502

3

U.S. 62, 68 (1991) ("[S]tate-law violations provide no basis for federal habeas relief."); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding the inmate's claim that the prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, these claims are not a basis for habeas relief.

Because Smith has not asserted a valid claim for habeas relief, the habeas petition will be denied. If Smith wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Cir. Ct. of Cook Cnty.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the Court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the Court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Kevin E. Smith leave to proceed in forma pauperis on appeal.

SO ORDERED.

Entered this 16th day of January 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge